IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DORN ALLEN FREEMAN,

    Petitioner,               No. CIV S-07-1898 LKK EFB P

    vs.

M. S. EVANS, Warden,

                                    ORDER AND
    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss on the ground that petitioner failed to exhaust state remedies. Petitioner concedes that he could present his claims with more particularity, but he opposes dismissal and requests that this court stay this action and hold it in abeyance while he does so. For the reasons explained below, the court finds that petitioner has exhausted the available state remedies, and that the respondent's motion to dismiss and petitioner's motion for a stay must be denied.

**I.    Procedural History**

    Petitioner was convicted in the Shasta County Superior Court of corporal injury to a former cohabitant, kidnaping and false imprisonment by violence. Lodged Doc. 4. The jury found facts that justified an enhanced sentence. Thus, the trial court sentenced petitioner to a

1

term of 30 years to life in state prison. *Id.* Petitioner appealed, and the judgment was affirmed. *Id.* He filed a petition for review in the California Supreme Court, claiming that the trial court erred by denying petitioner's motion to strike evidence of a prior conviction that was used to enhance his sentence. Lodged Doc. 5. The petition was denied without comment or citation. Lodged Doc. 6.

Petitioner thereafter sought state post-conviction relief. He filed a petition for a writ of habeas corpus in the trial court. Lodged Doc. 7. In it, he claimed that counsel was ineffective for failing to call a number of specified witnesses, failing to move for a continuance in order to serve a subpoena on a witness, failing to move to suppress a taped statement petitioner gave to law enforcement and failing to object to its introduction at trial. *Id.* He also claimed that the prosecutor interfered with his ability to present a defense by giving false statements in order to avoid service of a subpoena on the witness counsel had difficulty serving, suppressing an exculpatory police report and introducing into evidence photographs he knew were taken after the scene had been altered. *Id.* The trial court denied relief on both claims. Lodged Doc. 8. It found that petitioner's allegations that counsel was ineffective were "insufficient to meet the initial pleading requirements for relief . . . ." *Id.* Citing *In re Harris*, 5 Cal.4th 813, 829 (1993), and *In re Dixon*, 41 Cal.2d 756, 759 (1953), the court refused to entertain the prosecutorial misconduct claim because petitioner could have raised it on direct appeal, but did not. *Id.* Instead of proceeding to the appellate court, petitioner filed a second habeas petition in the trial court, raising the same claims he raised in his initial petition in that court. Lodged Doc. 9. The trial court refused to consider the petition because it was successive. Lodged Doc. 10. Thus, petitioner filed a petition for a writ of habeas corpus in the appellate court, alleging the same grounds for relief that he alleged in the trial court. Lodged Doc. 11. That court denied relief without comment or citation. Lodged Doc. 12. Petitioner field a petition for a writ of habeas corpus in the California Supreme Court, asserting the same grounds for relief that he had presented to the trial and appellate courts. Lodged Doc. 13. In particular, he claimed that trial

counsel rendered ineffective assistance in violation of the Sixth Amendment. *Id.* Amongst his factual allegations were that counsel (1) failed to call as a witness Gregory Dean, who was the first officer to interview the victim, who took all the photographs at the scene and booked them into evidence, and who expressed regret at failing to conduct a field sobriety test on the victim and that he did not believe all the victim's statements; (2) failed to investigate the skid marks at the crime scene, which showed the direction that he and the victim were traveling; (3) failed to call as a witness Christina Riley, who observed injuries to petitioner; (4) failed to obtain surveillance tapes that would have shown whether the victim was intoxicated around the time of the incident giving rise to the charges against petitioner; (5) failed to obtain a continuance during trial in order to locate and subpoena Dean; (6) failed to object to particular photographs at trial on the ground that they were not an accurate representation of the crime scene because someone had tampered with the scene; (7) failed to call Rod D'Cornia as a witness at trial; (8) failed to object to the admission of audio tapes of his statement to Dean because no Miranda warnings were administered; and (9) failed to move to suppress a police report taken on February 27, 2004.   In support of these allegations, petitioner submitted exhibits and cited to specific parts of the record. Petitioner also claimed that the prosecutor engaged in misconduct in violation of the Due Process Clause of the Fourteenth Amendment.  In particular, he alleged the following: (1) on April 19, 2006, the prosecutor made statements specifically designed to interfere with petitioner obtaining the presence of Greg Dean to testify at trial; (2) the prosecutor suppressed a February 27, 2004, report; and (3) the prosecutor introduced into evidence exhibits that he knew did not accurately represent what they purported to be.  Again, petitioner attached exhibits and cited to particular parts of the record to support his allegations.  Lodged Doc. 13.  The California Supreme Court denied relief, citing *In re Swain*, 34 Cal.2d 300, 304 (1949) and *People v. Duvall*, 9 Cal.4th 464, 474 (1995).

////

////

Having been denied relief in the California Supreme Court, petitioner filed an application for a writ of habeas corpus in this court on September 13, 2007. The federal petition is nearly identical to the one petitioner filed in the California Supreme Court.

## II.  Legal Standards

Section 2254 of Title 20 of the United States Code imposes an exhaustion requirement[1] on state prisoners seeking federal habeas relief:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (i) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

It is important to note that federal habeas review is available for a state prisoner's *federal* claims, and that the exhaustion requirement is rooted in the doctrines of comity and federalism. *Ex parte Royall*, 117 U.S. 241, 251 (1886) (creating a discretionary exhaustion requirement in order to avoid "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution . . . ."); *Rose v. Lundy*, 544 U.S. 509, 515-516 (1982) (state and federal courts have responsibility to enforce federal law, and "when a prisoner alleges that his confinement violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). Thus, a petitioner must give the state courts a fair opportunity to rule on his claims. This means he must present the present both the operative facts and the federal legal theory to the highest state court permitted under the state's rules. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims

---

[1] A state may in any given case expressly waive the exhaustion requirement. 28 U.S.C. § 2254(b)(3).

4

under the United States Constitution"). A petitioner must present his claims pursuant to the state's established procedures so as to ensure the courts may reach the merits. *See Castille v. Peoples*, 489 U.S. 346 (1989) (claims raised in petition for *allocatur* but not in state post-conviction proceedings unexhausted where review on *allocatur* was discretionary but review in post-conviction proceedings was not); *see also Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (presenting in habeas corpus claims cognizable only in motion for post-conviction relief pursuant to rule of criminal procedure does satisfy exhaustion requirement). A California prisoner must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure).

**III.   Analysis**

Respondent contends that petitioner failed to exhaust because there is a remedy available to him in California's courts. He argues that the California Supreme Court's dismissal under the authority of *Swain* and *Duvall* left further habeas proceedings available to petitioner in state court. Petitioner agrees that he could present his claims with more particularity. For the reasons explained, the court finds that petitioner need not present his claims to the state courts again.

Denial of habeas relief with citation to *Swain* and *Duvall* does, indeed, constitute a denial without prejudice to bringing another habeas petition in an attempt to plead the case with more specificity. *See King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (construing California Supreme Court's dismissal citing *Swain* and *Duvall*). However, the Ninth Circuit also has considered whether a citation to *Swain* is sufficient to find that the petitioner failed to exhaust. *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986). In *Kim*, the petitioner sought habeas corpus relief in the trial court, the appellate court and then in the California Supreme Court. The California Supreme Court denied relief, citing a number of cases including *In re Swain*, 34 Cal. 300, 304 (Cal. 1949). The petitioner sought habeas relief in the federal court, which found that petitioner had failed to exhaust all of his claims as required by *Rose v. Lundy*, 455 U.S. 509, 522

(1982). *Id.*, at 1318. Thus, petitioner returned to state court, filing a second petition for a writ of habeas corpus in the California Supreme Court. *Id.* The petition was identical to the first petition in that court, but he attached a number of exhibits in support of his claims. *Id.* The California Supreme Court denied relief for the same reasons as it denied the first petition. *Id.* Petitioner then returned to federal court with his claims. The district court dismissed the petition for failure to exhaust. *Id.*, at 1318-1319. On appeal, the Ninth Circuit reversed.

In *Kim*, the Ninth Circuit explained that even though citation to *Swain* is a dismissal without prejudice to filing a new petition, it does not necessarily mean that the petitioner failed to exhaust. *Id.*, at 1319. The court noted that the petitioner in that case alleged that he could not state his claim with any greater particularity. *Id.*, at 1319-1320. If that were the case, "then the California Supreme Court's denial for lack of particularity amounts to a holding that the claims themselves are defective," and the petitioner would have exhausted the available state remedies. *Id.*, at 1320. The upshot, then, is that,

> The state courts, by denying a writ for lack of particularity when the claims are alleged with as much particularity as is practicable, cannot forever preclude the petitioner from reaching federal court. Such a result would defeat the purposes of section 2254. It is therefore incumbent upon [the federal court], in determining whether the federal standard of 'fair presentation' of a claim to the state courts has been met, independently to examine [the] petition to the California Supreme Court.

*Id.*, at 1320; *see also Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) ("Section 2254 does not erect barriers to the invocation of federal habeas corpus."), *superceded on other grounds by statute*.

The court has noted in detail above the allegations upon which petitioner sought post-conviction relief from the California Supreme Court and upon which he seeks to proceed in this court. He alleges the same legal theories supported by essentially the same facts in both the state and federal petitions. Furthermore, the level of detail in his pleading is impressive. He identifies by name the witnesses he believes counsel should have called and explains why their testimony would have been helpful. While he does not allege the specific testimony the witnesses would

have given, that is not necessary merely for purposes of exhaustion. A habeas petitioner need not present the state court with every piece of evidence supporting his federal claims. *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). A petitioner need only allege "the facts necessary to give application to the constitutional principle upon which" he relies. *Id.* Moreover, especially in the case of a petitioner proceeding without counsel, "petitions must be read in context and understood based on the particular words used" therein. *Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003). As the United States Supreme Court has noted, the exhaustion requirement is not meant to "trap the unwary *pro se* prisoner." *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000). Here, petitioner identified in state court a number of specific omissions on the part of counsel and alleges that if counsel had called the witnesses, made the motions and made the objections, the outcome of trial would have been different. These allegations constitute the operative facts of a claim under *Strickland v. Washington*, 466 U.S. 668, 690, 693-94 (1984). With respect to his Fourteenth Amendment claim, petitioner alleged that particular conduct on the part of the prosecutor rendered his trial unfair. Again, the allegations constitute the operative facts of a claim of prosecutorial misconduct. *See Donelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Petitioner concedes that he could present his claims with greater particularity. However, that fact does not render the claims unexhausted. "[T]he legal effect of admitted facts" is not controlled by the concession itself. *See United States v. Miller*, 822 F.2d 828, 832 (9th Cir. 1987). Having examined the petition for a writ of habeas corpus filed in the California Supreme Court, this court finds that petitioner fairly presented the claims he now seeks to pursue in federal court.

**IV.   Conclusion**

For the reasons explained above, the court finds that petitioner presented to the highest state court the operative facts and the federal legal theories upon which he seeks to proceed in this court. Therefore, he has exhausted the available state remedies. Thus, petitioner's motion to stay this action must be denied, as must respondent's motion to dismiss.

Accordingly, it hereby is ORDERED that petitioner's January 11, 2008, motion for stay and abeyance is denied.

Further, it is RECOMMENDED that respondent's March 7, 2008, motion to dismiss be denied and that respondent be directed to file an answer to the petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 18, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE